# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| MARK BOATWRIGHT, | : | |
| --- | --- | --- |
| Plaintiff, | : | Civil Action |
| | : | No. 5:11-cv-061 |
| v. | : | |
| | : | |
| BERNICE WILLIAMS-KIMBROUGH, | : | |
| Director of U.S. EEOC, and JOHN DOE, | : | |
| Commissioner, et al., | : | |
| | : | |
| Defendants. | : | |

## ORDER

Currently before the Court is Plaintiff Mark Boatwright's Amended Complaint [Doc. 5 & 6]. In his original Complaint, Plaintiff alleged a violation of the Privacy Act, 5 U.S.C. §552a. After reviewing this Complaint, however, the Court found that it was unclear whether Plaintiff had stated a valid claim under § 552a(g) and accordingly directed Plaintiff to amend his Complaint and more fully allege how the government failed to fulfill its record-keeping obligation in his case and how he was injured by this failure.

In his Amended Complaint, Plaintiff now alleges that, in response to multiple requests for documents, the Equal Employment Opportunity Commission ("EEOC") advised him that it had either destroyed the requested documents or that the EEOC District Office was otherwise unable to locate the file as referenced by Plaintiff. Plaintiff filed multiple internal appeals with the EEOC seeking production of documents. These appeals were all denied for the same reasons. Based on this, Plaintiff asserts that the EEOC unlawfully destroyed the requested document before it was authorized to do so by the Privacy Act and thus failed to fulfill its record-keeping obligation

pursuant to the Act. Plaintiff further claims that, as a result of this failure, he was deprived of the ability to review his records or challenge the information contained within them. Plaintiff seeks to recover compensatory damages in the amount of Seven-Hundred Million Dollars.

As the Court explained in its prior Order on March 23, 2011 [Doc. 4], to state a valid claim under the Privacy Act, Plaintiff must allege that "(1) the government failed to fulfill its record-keeping obligation; (2) the agency acted intentionally or willfully in failing to perform its obligation; (3) the failure proximately caused an adverse effect on an individual; and (4) that individual suffered actual damages." See Speaker, 623 F.3d at 1381; §552a(g)(1). "Intentional or willful" conduct by the government is defined as an "action so patently egregious and unlawful that anyone undertaking the conduct should have known it was unlawful, or conduct committed without grounds for believing it to be lawful or action flagrantly disregarding others' rights under [§ 552a]." Pippinger v. Rubin, 129 F.3d 519, 530 (10th Cir.1997) (quotation omitted). Alleging negligence, or even gross negligence, is insufficient to state a claim under the Privacy Act. Buck v. Industrial Com'n of Utah, 51 Fed. Appx. 832, 835-36 (10th Cir. 2002) (dismissing complaint against EEOC for failure to state a claim where allegations fell short of the "intentional or willful" standard) (citing Andrews v. Veterans Admin., 838 F.2d 418, 425 (10th Cir.1988)).

In his Amended Complaint, Plaintiff fails to allege that the EEOC's conduct in destroying the requested files was anything more than mere negligence or an innocent administrative error. He does not assert any fact suggesting that the EEOC's failure to maintain the requested files was an "action so patently egregious and unlawful that anyone undertaking the conduct should have known it was unlawful, . . . conduct committed without grounds for believing it to be lawful, or [an] action flagrantly disregarding others' rights under [§ 552a]." Pippinger, 129 F.3d at 530. His allegations simply fall short of the "intentional or willful" standard. See Buck, 51 Fed. Appx. at 835-36. For

this reason, Plaintiff's Amended Complaint fails to state a claim under the Privacy Act. Indeed, "Congress has not authorized, either expressly or impliedly, a cause of action against the EEOC for [its employees'] alleged negligence or other malfeasance in processing an employment discrimination charge." Smith v. Casellas, 119 F.3d 33, 34 (D.C. Cir.1997); see also Buck, 51 Fed. Appx. 835.

Accordingly, Plaintiff's Complaint is hereby **DISMISSED**, pursuant to 28 U.S.C. §1915(e)(2)(b), for failure to state a claim upon which relief may be granted.

**SO ORDERED** this 6th day of May, 2011.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

jlr